UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| KEITH LOVE, et al., | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) Case No. 4:16 CV 1304 RWS |
| | ) |
| BOEHRINGER INGELHEIM | ) |
| PHARMACEUTICALS, INC., | ) |
| et al., | ) |
| | ) |
| Defendants. | ) |

# MEMORANDUM AND ORDER OF REMAND[1]

Plaintiffs filed this action in state court, claiming personal injuries resulting from use of the drug Pradaxa due to Defendants' conduct in designing, marketing, manufacturing, and distributing Pradaxa.  Plaintiffs are citizens of a number of states, including Missouri, Delaware, and Ohio.  Defendant Boehringer Ingelheim Pharmaceuticals, Inc. is a citizen of Delaware, where it is incorporated.  Defendant Boehringer Ingelheim Roxane, Inc. is a citizen of Delaware, where it is incorporated, and of Ohio, where it has its principal place of business.  Defendants removed the case to this Court based on diversity jurisdiction under 28 U.S.C. § 1332(a).  In an effort to establish diversity jurisdiction, because Defendants share citizenship with nine Plaintiffs, Defendants filed a motion to dismiss the non-

---

[1] This case involves the same claims and the same grounds for removal which I addressed in Adler v. Boehringer Ingelheim Pharmaceuticals, Inc., et al., 4:16 CV 155 RWS.  Defendant Boehringer Ingelheim Pharmaceuticals, Inc. removed that case and I remanded it.  I will remand the present case for the same reasons I remanded Adler.

Missouri Plaintiffs' claims for lack of personal jurisdiction. Plaintiffs filed a motion to remand the case to state court based on a lack of subject matter jurisdiction. See 28 U.S.C. § 1447(c). I will exercise my discretion to consider subject matter jurisdiction first and will remand this action to state court.

"A defendant may remove a state law claim to federal court only if the action originally could have been filed there." In re Prempro Products Liab. Litig., 591 F.3d 613, 619 (8th Cir. 2010). Diversity jurisdiction under 28 U.S.C. § 1332 requires an amount in controversy greater than $75,000 and complete diversity of citizenship among the litigants. 28 U.S.C. § 1332(a). "Complete diversity of citizenship exists where no defendant holds citizenship in the same state where any plaintiff holds citizenship." OnePoint Solutions, LLC v. Borchert, 486 F.3d 342, 346 (8th Cir. 2007). "The defendant bears the burden of establishing federal jurisdiction by a preponderance of the evidence." In re Prempro, 591 F.3d at 620. "All doubts about federal jurisdiction should be resolved in favor of remand to state court." Id.

Defendants argue that I should consider their motion to dismiss first and dismiss the non-Missouri Plaintiffs, which would result in complete diversity of citizenship. Alternatively, Defendants argues that if I consider the motion to remand first, I still have subject matter jurisdiction because the non-diverse Plaintiffs are fraudulently joined, meaning I can disregard their citizenship for the purposes of subject matter jurisdiction.

2

Plaintiffs argue I should consider subject matter jurisdiction first and remand for lack of complete diversity. Plaintiffs also argue that if I consider personal jurisdiction first, the case should still be remanded because the personal jurisdiction inquiry properly focuses on the Defendants' contacts with Missouri, not the Plaintiffs' place of residence or injury, and their allegations suffice to show personal jurisdiction over Defendants, as evidenced by the fact that Defendants do not argue I lack personal jurisdiction over them for the purposes of the Missouri Plaintiffs' claims.

I have discretion to determine whether to consider subject matter or personal jurisdiction first. See Ruhrgas AG v. Marathon Oil Co., 526 U.S. 574, 587–88 (1999). When presented with arguments similar to the ones before me, judges in this district have exercised their discretion to consider subject matter jurisdiction first. See, e.g., Clark v. Pfizer, Inc., 2015 WL 4648019, at *2–3 (E.D. Mo. Aug. 5, 2015); Parker v. Pfizer, Inc., 2015 WL 3971169, at *2 (E.D. Mo. June 30, 2015); Polk v. Pfizer, Inc., 2015 WL 1976370, at *1 (E.D. Mo. May 1, 2015); Littlejohn v. Janssen Research & Dev., LLC, 2015 WL 1647901, at *1 (E.D. Mo. Apr. 13, 2015). As the inquiry regarding subject matter jurisdiction is not "arduous," see Ruhrgas, 526 U.S. at 587–88, I will exercise my discretion to do the same here.

Defendants argue that despite the lack of complete diversity, I have subject matter jurisdiction because I do not have personal jurisdiction over Defendants for the non-Missouri Plaintiffs' claims and thus should disregard their citizenship.

3

Other judges in this district have considered this argument and repeatedly remanded cases to state court for lack of subject matter jurisdiction.  See Clark, 2015 WL 4648019, at *2–3; Parker, 2015 WL 3971169, at *2–4; Bradshaw v. Mentor Worldwide, LLC, 2015 WL 3545192, at *2–3 (E.D. Mo. June 4, 2015); Gracey v. Janssen Pharmaceuticals, Inc., 2015 WL 2066242, at *3–4 (E.D. Mo. May 4, 2015); Polk, 2015 WL 1976370, at *2–3; Littlejohn, 2015 WL 1647901, at *1; Simmons v. Skechers USA, Inc., 2015 WL 1604859, at *3–5 (E.D. Mo. Apr. 9, 2015).  In those cases, as in this case, some plaintiffs shared citizenship with the defendants, and common issues of law and fact connected plaintiffs' claims of injury from a single drug or product.

Defendants present the same argument made in those prior cases but claim the outcome should be different here because those cases were either wrongly decided or relied on the Eighth Circuit's Prempro decision and the fraudulent misjoinder doctrine, which Defendants "expressly disclaimed," stating they rely instead on fraudulent joinder.  Fraudulent misjoinder occurs "when a plaintiff sues a diverse defendant in state court and joins a viable claim involving a nondiverse party . . . even though the plaintiff has no reasonable procedural basis to join them in one action because the claims bear no relation to each other," while "[f]raudulent joinder occurs when a plaintiff files a frivolous or illegitimate claim against a non-diverse defendant solely to prevent removal."  In re Prempro, 591 F.3d at 620 (quotation marks omitted).  Defendants' attempt to recast their

4

argument as fraudulent joinder rather than fraudulent misjoinder does not persuade me to depart from the weight of authority in this district.  Defendants' reliance on decisions from district courts in other circuits that exercised their discretion to consider personal jurisdiction before subject matter jurisdiction does not persuade me to apply the fraudulent joinder doctrine in the manner Defendants propose.

Defendants also argue that I should sever the claims of the nine non-diverse Plaintiffs because their joinder is a sham to defeat removal.  Even if Plaintiffs' claims are improperly joined, given the common issues of law and fact that are likely to arise, any misjoinder is not "so egregious and grossly improper" as to "border[] on a sham."  In re Prempro, 591 F.3d at 624 (quotation marks omitted).

As all doubts about federal jurisdiction are resolved in favor of remand, I will remand this action and "leave to the learned state court the question of personal jurisdiction."  Clark, 2015 WL 4648019, at *3 (quotation marks omitted); see also In re Prempro, 591 F.3d at 624 n.8 ("'[T]he fraudulent-joinder doctrine and its allied jurisprudence adds a further level of complexity—and additional litigation—to a federal court's decision regarding removal jurisdiction . . . . In many situations this confusion easily could be avoided by having the removing party challenge the misjoinder in state court before seeking removal.'" (quoting 14B Charles A. Wright et al., Federal Practice and Procedure § 3723, at 658 (3d ed. 1998))).

Accordingly,

**IT IS HEREBY ORDERED that** Plaintiffs' Motion to Remand #[8] is **GRANTED**.

**IT IS FURTHER ORDERED** that this case is **REMANDED** to the Circuit Court of the City of St. Louis, State of Missouri under 28 U.S.C. § 1447(c).

**IT IS FURTHER ORDERED** that all remaining pending motions are **DENIED** without prejudice as moot.

_____
RODNEY W. SIPPEL
UNITED STATES DISTRICT JUDGE

Dated this 6th day of October, 2016.